FOSTER et v. STATE ex MacFarland.

Ohio Appeals, 4th Dist., Adams Co.

Decided May 19, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

SCHOOLS & SCHOOL DISTRICTS.
(530 B) Under 4745 GC., the members of

a rural school board hold over after the expiration of their term, in the absence of an election of their successors, for a period of four years.

(530 B) Section 4748 GC., provides the only authority for filling an unexpired term of a school board member by election.

(530 B) A writ of mandamus requiring the judges and clerks, at an election of board of education composed of five members, two of whom were holding over after the expiration of their term by reason of absence of an election of their successors, to declare which ones of the five were elected for four years and which for two years, held too broad.

Error to Common Pleas.

Cause remanded.

W. P. Tucker, Pros. Atty., West Union, & A. H. Holderness, Manchester, for Foster.

J. R. B. Kessler, Peebles, and Lovett, Young & Roush, West Union, for State ex.

## STATEMENT OF FACTS.

This is an action in mandamus. It was instituted by the relator for the purpose of requiring the respondent to canvass the election returns for members of the board of education in said school district, which election was held on the eighth day of November, 1927. The material averments of the petition are that at said election the relator received forty-one votes for member of said board of education and that certain other persons received votes at said election for said office, and that there were five members of said board to be elected at that time. The relator further avers that the judges and clerks at said election made due return of the number of votes cast and counted for members of the board of education, but that said board has failed to canvass said returns and failed to enter the results thereof on its record as required by Section 5120 GC. The petition further states that said board has failed to declare who of the persons who were candidates had received the highest number of votes and who therefore were elected as members of said board.

To this petition the respondents filed an answer in which they admitted substantially all of the material averments of the petition. They alleged, however, that the ballots used at said election contained no designation as to the term for which each candidate was to be elected. They say that at said election there were three new members of said board to be elected to replace three members of said board whose terms would expire in January, 1928, and that such three members therefore were to be elected for a term of four years. They say that two new members were to be elected to replace two members who were serving out unexpired terms and whose successors were to serve for the term of two years. The answer avers that by reason of these facts the board of education was unable to determine who of the candidates were elected for the long term of four years and who were elected for the short term of two years, and that said board therefore made a finding that said election was void.

To this answer a general demurrer was filed in the Court of Common Pleas, which was sustained by that court, and the respondents not desiring to plead further a writ was issued against the respondents and they were ordered to canvass the vote and to determine and declare which five persons were elected for the full term of your years. Error is now prosecuted to this court to reverse the order and judgment of the Court of Common Pleas.

MIDDLETON, PJ.

It is apparent that at some prior date the election of the members of said board had been fixed and held under the provisions of Section 4713 GC., which section was repealed in 104 O. L. 133. That section at the time of its repeal provided that at the first election of a board of education of a rural school district three members thereof should be elected for the full term of four years and two members thereof should be elected for the term of two years, and that thereafter such members should be elected alternately every two years.

It was held by this court in the case of State ex rel v. Frank Reed, et al, in the Court of Appeals of Brown County, that when the election of members of a rural school board had once been established under the provisions of Section 4713 such elections must continue as they were established under the provisions of said section. And so in the instant case the term for which two members were to be elected could not expire until 1929 and therefore there were only three members to be elected in 1927, each for the full term of four years. Now it is equally clear, we think, that for some reason two members were not elected in 1925 for the full term of four years and therefore there are now two members of said board who are holding their positions by reason of the failure to elect their successors in 1925.

There is no provision of statutory law for the election of members of a board of education for any unexpired term except as provided by Section 4748, and when under the provisions of that section a vacancy occurs in the office of any member of a board by reason of the happening of any of the things therein specified it thereupon becomes the duty of said board to fill said vacancy by an election for the full unexpired term. This section of the code provides the only authority for filling an unexpired term by election.

If there was a failure to elect two members of the board of education at the regular election of township officers as provided by Section 4712 then under the provisions of Section 4745 the then holders of said office whose terms then expired continued to hold the same and will continue to hold the same until their successors are elected and qualified as provided by law. That in the instant case means that the members of the board whose terms expired in 1925 and whose successors were not then elected will hold their office until the regular election in 1929.

We are of the opinion that the board of education herein may only be required to declare an election of three members, each of whom is to serve for the term of four years, and that the terms of the remaining two members do not expire until 1929. The writ as issued by the trial court was too broad. The case will be remanded to the Court of Common Pleas where evidence may be heard to determine which three candidates should be declared elected for the full term of four years.

(Mauck and Thomas, JJ., concur.)